J-S13032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                            :       PENNSYLVANIA
                                            :
                    v.                      :
                                            :
                                            :
JASON SERRANO                               :
                                            :
              Appellant                     :   No. 1480 MDA 2019

Appeal from the PCRA Order Entered August 15, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001543-2007

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:            **FILED MARCH 27, 2020**

Jason Serrano (Serrano) appeals *pro se* from the order denying his petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9741-9746, in the Court of Common Pleas of Lebanon County (PCRA court). We affirm.

**I.**

**A.**

We take the following procedural history and factual background from the PCRA court's March 2, 2019, and June 8, 2019 opinions and our independent review of the record. The Commonwealth filed a Criminal Information against Serrano charging him with Criminal Homicide, 18 Pa.C.S.

_____

[*] Retired Senior Judge assigned to the Superior Court.

§§ 2501-2502; Criminal Attempt (Homicide), 18 Pa.C.S. §§ 901(a), 2501-2502; Aggravated Assault, 18 Pa.C.S. § 2702(a)(1); and Discharge of a Firearm into an Occupied Structure, 18 Pa.C.S. § 2707.1. The charges related to his fatal shooting of the victim, George Figueroa, at the Lebanon Cedars Sports Bar. The Criminal Information stated that Serrano faced minimum penalties of 20 years each for Criminal Homicide, Criminal Attempt (Homicide) and Aggravated Assault, and seven years for Discharge of a Firearm into an Occupied Structure. The total aggregate minimum sentence reflected on the Criminal Information was 67 years.

On May 8, 2008, pursuant to a negotiated guilty plea, Serrano pleaded guilty to Third Degree Murder. The Written Guilty Plea signed by Serrano reflected that the maximum penalties to which he was exposed were 40 years for Third Degree Murder, 40 years for Criminal Attempt to Commit Homicide, 20 years for Aggravated Assault and seven years on the Discharge of a Firearm into an Occupied Structure charge, for a total aggregate maximum of 107 years' imprisonment. (*See* Written Guilty Plea, 5/08/08, at 1). The Criminal Information attached thereto had the original minimum sentences for Criminal Homicide and Criminal Attempt (Homicide) crossed out and replaced with the handwritten maximums of 40 years. (*See* Criminal Information attached to Written Guilty Plea, at 1).

At the Guilty Plea Hearing, the court conducted a full guilty plea colloquy, including confirming that Serrano was pleading guilty because he

- 2 -

committed the acts as described in the Criminal Information and Affidavit of Probable Cause, and that he understood the charges and the facts underlying them and the terms of his sentence. (**See** N.T. Sentencing Hearing, 5/08/08, at 2-4). The court also confirmed that Serrano could read and write in English; that he reviewed the Written Guilty Plea with his attorney; that he understood it, signed it and did not want to change it; that he had no questions; that he was satisfied with counsel's representation; and that he wanted to plead guilty. (**See id.** 4-5).

On May 28, 2008, consistent with the plea agreement, the trial court sentenced Serrano to consecutive terms of not less than 20 nor more than 40 years' incarceration on the Murder of the Third Degree charge, not less than ten or more than 20 years on the Criminal Attempt charge, and not less than three and one-half nor more than seven years on the Discharging a Firearm charge, for an aggregate term of not less than 33½ nor more than 67 years' imprisonment. Serrano did not file either a post-sentence motion or a direct appeal.

**B.**

On February 26, 2009, Serrano filed his first PCRA petition, asserting that he was denied his Sixth Amendment right to counsel because the court denied his motion for appointment of conflict counsel and that plea counsel was ineffective for failing to file a direct appeal. The PCRA court appointed counsel, and ultimately denied the petition after providing Serrano with Rule

907 notice of its intention to deny it without a hearing. **See** Pa.R.Crim.P. 907(1). We affirmed the denial on June 7, 2010, finding that Serrano waived his Sixth Amendment claim by pleading guilty and affirming the ineffectiveness issue on the merits. Our Supreme Court denied further review. (**See Commonwealth v. Serrano**, Docket No. 1429 MDA 2009, unpublished memorandum at **4, 10-11 (Pa. Super. filed June 7, 2010), *appeal denied*, 29 A.3d 797 (Pa. 2011)).

Serrano filed a second PCRA petition on August 20, 2012, titled as a Petition for Writ of *Habeas Corpus*.[1] The petition alleged that counsel was ineffective for advising Serrano to plead guilty to avoid a potential maximum aggregate sentence of 107 years because he incorrectly calculated Serrano's possible maximum sentence that Serrano claimed was 87 years. In spite of

---

[1] Serrano argues that the court erred in treating his Petitions for Writ of *Habeas Corpus* as PCRA petitions. (**See** Serrano's Brief, at 3-7). However, "[w]e have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). "Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.*" **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations omitted). Neither are we persuaded by Serrano's reliance on **Commonwealth v. Chester**, 733 A.2d 1242, 1250 (Pa. 1999), **Commonwealth v. Judge**, 916 A.2d 511, 518-21 (Pa. 2007), and **Coady v. Vaughn**, 790 A.2d 287, 290-94 (Pa. 2001) (concurrence), all of which stand for the proposition that the writ of *habeas corpus* is to be utilized for claims falling outside the PCRA's intended scope, which is to provide the sole means of collateral review for defendants convicted of crimes they did not commit and for those serving illegal sentences. **See** 42 Pa.C.S. § 9542.

having labeled his filing as a Petition for Writ of *Habeas Corpus*, Serrano relied on ***Lafler v. Cooper***, 566 U.S. 156 (2012), and ***Martinez v. Ryan***, 566 U.S. 1 (2012), to argue that his petition was timely because it was subject to the newly recognized constitutional right exception to the PCRA's timeliness requirements. ***See*** 42 Pa.C.S. § 9545(b)(1)(iii). (***See*** PCRA Petition, 8/20/12, at 1-2) (page numbering provided).

The August 20, 2012 petition did not contain a proposed order causing the clerk of courts not to forward it to the PCRA court for review. Serrano refiled the petition on October 18, 2012, also without a proposed order.[2]

---

[2] When Serrano sent a September 2, 2013 letter inquiring about the status of his 2012 petitions, President Judge John C. Tylwalk replied to Serrano's correspondence and suggested that the petitions had not come to the attention of the PCRA court because they did not contain proposed orders and, therefore, they had been docketed but not forwarded to the court for action. The same day, Judge Tylwalk issued a Rule on the Commonwealth, requiring a response as to why a hearing should not be held on Serrano's petitions. On September 24, 2013, the Commonwealth filed its response that indicated a courtesy copy had been provided to the President Judge's chambers.

As stated by the PCRA court:

> For inexplicable reasons outside the knowledge of the undersigned jurist, no action has ever been taken on the PCRA Petition filed by [Serrano] in 2012. The undersigned jurist was not served with nor provided notice of either [Serrano's] 2012 Petition or the Commonwealth's 2013 Response to that Petition. Similarly, the undersigned jurist was not made aware of the 2013 correspondence between the [c]ourt and [Serrano] regarding [the] still-pending 2012 Petitions.

(PCRA Court Opinion, 3/02/19, at 6) (page numbering provided).

## C.

On August 24, 2018, Serrano filed a Writ of *Habeas Corpus Ad Sujeciendum* and *Nunc Pro Tunc* Application that the PCRA court treated as a second PCRA petition (because it was unaware of the 2012 filing). The 2018 petition again challenged the effectiveness of plea counsel, which Serrano argued should entitle him to withdraw his guilty plea. Specifically, he argued that he was unlawfully induced to enter a guilty plea because:

> 1) Plea counsel had failed to pursue a meaningful defense strategy;
>
> 2) Plea counsel had suggested that the prosecution was considering seeking the death penalty;
>
> 3) Plea counsel had colluded with the prosecution by pursuing plea bargaining;
>
> 4) Plea counsel failed to facilitate [Serrano's] wish to withdraw his plea; and
>
> 5) Plea counsel failed to pursue a direct appeal.

(Trial Court Opinion, 6/08/19, at 4). The petition also requested that the court allow him to appeal his judgment of sentence *nunc pro tunc* because counsel abandoned him by not filing a direct appeal and the trial court gave him a deficient plea colloquy. Although he did not expressly identify the newly recognized constitutional right exception, he relied on the rules announced in

*Lafler* and *Missouri v. Frye*, 566 U.S. 134 (2012), in support of his petition. (*See* PCRA Petition, 8/24/18, at 7).[3]

On October 31, 2018, the court served Serrano with Rule 907 notice of its intention to dismiss the petition without a hearing because it was untimely with no timeliness exception pleaded or proven, and the claims were either waived or previously litigated. On January 29, 2019, after giving Serrano two extensions of time within which to file a response, the court dismissed the petition for his failure to respond to the proposed dismissal. Serrano timely appealed.

**D.**

When reviewing the electronic docket entries to prepare a Rule 1925(a) statement, the PCRA court discovered (1) that Serrano had, in fact, filed a response to the proposed dismissal on January 28, 2019, without sending a copy to the PCRA court requesting *nunc pro tunc* review of his August 20, 2012 petition, and (2) due to the 2012 petition's existence, the 2018 petition was actually Serrano's third, not his second PCRA.

In light of the foregoing discoveries, on March 6, 2019, the PCRA court vacated its January 29, 2019 order and requested that this Court remand the case to allow the PCRA court: (1) to address Serrano's second PCRA petition

---

[3] See footnote 8 for an explanation of the principles enunciated in *Frye* and *Lafler*.

filed August 20, 2012; and (2) to consider the third petition filed on August 29, 2018, in light of Serrano's January 28, 2019 response to the October 31, 2018 Rule 907 notice. On April 8, 2019, this Court remanded the case to the PCRA court.

On August 15, 2019, after its review, the PCRA court dismissed Serrano's second and third PCRA petitions as untimely, with no exception pleaded or proven. Serrano timely appealed and he and the court complied with Rule 1925.[4] **See** Pa.R.A.P. 1925.

## II.

On appeal, Serrano phrases his issue as "whether this *pro se* brief upon appeal from the PCRA court's August 15, 2019, final dismissal order merit[s] redress is a question of exceptional circumstances-and-the law[.]" (Serrano's Brief, at 1). He argues that plea counsel was ineffective for failing "to conduct a pretrial investigation" or "provid[e] a meaningful trial strategy" and for colluding with the Commonwealth to induce him to enter a guilty plea by proving him with an altered bill of information. (**Id.** at 2, 9-15).[5]

---

[4] "Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Saunders**, ___ A.3d ___, 2020 WL 113401, at *2 (Pa. Super. filed Jan. 10, 2020) (citations and internal quotation marks omitted).

[5] Serrano also claims and that the trial court erred in his guilty plea colloquy by "failing to adduce the factual basis for the plea, pursuant to Pa.R.Crim.P.

Before we reach the merits of Serrano's appeal, we must consider whether the PCRA court properly found that his PCRA petitions were untimely. "It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the [C]ourt's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016) (citations omitted). Under the PCRA, any petition for relief must be filed within one year of the date on which the judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Robinson*, *supra* at 185 (internal quotation marks and citation omitted).

Here, Serrano's judgment of sentence became final on June 27, 2008, after the 30-day period to file an appeal of his judgment of sentence expired. *See* 42 Pa.C.S. § 9545(b)(3). As a result, he had until June 27, 2009, to file

---

590." (Serrano's Brief, at 15; *see id.* at 15-18). As detailed above, the court conducted a thorough colloquy at which Serrano confirmed that he signed the written Guilty Plea, and that he understood and admitted to the facts as stated in the Affidavit of Probable Cause and Criminal Information. (*See* N.T. Guilty Plea Hearing, 5/08/08, at 2-5). A review of the notes of testimony confirms that the trial court did not commit an "error of constitutional significance" and that the colloquy met the requirements of Rule 590. (Serrano's Brief, at 15).

a timely PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1). Because Serrano filed the instant petitions on August 20, 2012, and August 24, 2018, they are untimely on their faces, and the PCRA court lacked jurisdiction to review them, unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[6] "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed . . . because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Serrano argues the applicability of the newly discovered facts exception found in Section 9545(b)(1)(ii). (***See*** Serrano's Brief, at 10 ("Specifically, this application is premised upon 'Newly Discovered Facts[]" pursuant to 42 Pa.C.S. § 9545(b)(1)(ii)."); (***see also id.*** at 20). He alleges that this newly discovered fact is the Bill of Information he allegedly saw for the first time on

_____

[6] The three exceptions that allow for review of an untimely PCRA petition are limited to: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

July 16, 2012.[7] (*See id.* at 11). He maintains that this filed Bill of Information is different from the one shown to him by counsel at the guilty plea hearing "to compel the plea-offer without [his] true comprehension and consent." (*Id.* at 13).

Our Supreme Court has described the Section 9545(b)(1)(ii) exception as one, "which permits an untimely claim where the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence, as an exception for after-discovered evidence." *Commonwealth v. Pursell*, 749 A.2d 911, 916 (Pa. 2000) (citation and internal quotation marks omitted).

Here, while the original Bill of Information filed on August 22, 2007, reflected the **minimum** sentence for each charge, the information attached to the Written Guilty Plea had those sentences crossed out at Counts I and II, with the **maximum** sentences to which Serrano was exposed should he be found guilty at trial written in. (*See* Criminal Information, 8/22/07, at 1;

---

[7] In its June 8, 2019 opinion, the PCRA court observed that Serrano attempted to avail himself of the newly discovered facts exception in his August 24, 2018 petition, but that he failed to identify what facts were unknown to him, other than his general lack of legal knowledge. (*See* PCRA Ct. Op., 6/08/19, at 10-11). A review of the petition confirms the PCRA court's observation and, in fact, Serrano did not expressly raise the timeliness exception. However, although generally, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[,]" Pa.R.A.P. 302(a), and in the interest of judicial economy, we decline to find waiver and will review Serrano's claim.

Written Guilty Plea, at attached edited Criminal Information). However, Serrano's argument that this edited information somehow misled him is specious at best where he acknowledged in the signed Guilty Plea that those were the maximum penalties he faced if convicted by a jury, *i.e.,* 40 years for criminal homicide (F1), 40 years for criminal attempt (F1), 20 years for aggravated assault (F1) and seven years for discharge of a firearm into an occupied structure (F3). (*See* Written Guilty Plea, at 1). In other words, the edited Bill of Information and Written Guilty Plea colloquy both correctly reflect that Serrano faced a maximum term of imprisonment of 107 years if convicted. (*See* Guilty Plea, at 1; *see id.* at attached Information). Therefore, because this edited Criminal Information is not incorrect and cannot be said to have unlawfully induced Serrano's plea, it does not contain facts upon which his claim of ineffective assistance of counsel could be predicated. Hence, Serrano has failed to plead and prove the applicability of the newly discovered facts exception to the PCRA's timeliness requirements.

We also note that, although he does not explicitly plead the newly recognized constitutional right exception, Serrano again relies on the rules enunciated in *Lafler* and *Frye*, as he did in his PCRA petitions. (*See* Serrano's Brief, at 12); (*see also* Serrano's PCRA Petition, 8/20/12, at 1-2; Serrano's

PCRA Petition, 8/24/18, at 7).[8]  However, even if we interpret Serrano's Brief as an inartful attempt to plead this timeliness exception, these cases would not afford him any relief.

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania Supreme C]ourt after the time provided in this section.  Second, it provides that the right "has been held" by "that court" to apply retroactively.  **Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively . . . to cases on collateral review.**

*Commonwealth v. Leggett*, 16 A.3d 1144, 1147 (Pa. Super. 2011) (citation omitted) (emphasis in original).

This Court has expressly held that *Lafler* and *Frye* cannot form the basis of the newly recognized constitutional right exception because they did not create a new constitutional right, but only applied the long-established

---

[8] Although he attempted to rely on *Martinez* in support of the newly recognized constitutional right exception in his August 20, 2012 petition, he has abandoned such reliance here.  In any event, we observe that *Martinez* would not afford him relief.  The *Martinez* Court held that the inadequate assistance of counsel at "initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel" for purposes of federal *habeas corpus* relief.  *Martinez*, *supra* at 1315.  However, this Court has held that *Martinez* has no relevance to the procedural time-bar of the PCRA and, specifically, to the newly recognized constitutional right exception.  *See Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. 2013).

right of effective assistance of counsel to the plea bargaining process. *See Commonwealth v. Hernandez*, 79 A.3d 649, 654 (Pa.Super. 2013).[9, 10]

Therefore, because Serrano has failed to plead and prove any timeliness exception, we affirm the order of the PCRA court dismissing his August 24, 2012, and August 20, 2018 petitions as untimely.

PCRA order affirmed.

_____

[9] Moreover, even if they could support the timeliness exception, they would not apply here because they are factually distinguishable. The *Lafler* Court held that a defendant who **rejected** a plea offer could establish the prejudice prong of an ineffective assistance of counsel claim by showing that, but for his defense counsel's ineffective advice, there was reasonable probability that the plea offer would have been presented to the court, that the court would have accepted the plea, and that the judgment under the offer's terms would have been less severe than the judgment imposed. *See Lafler*, *supra* at 168. This is inapplicable here where Serrano **accepted** a plea and now complains about its terms. Similarly, in *Frye*, the Court held that the defendant established a claim of ineffective assistance of counsel where counsel failed to advise him of the Commonwealth's plea offer. *See Frye*, *supra* at 145. *Frye* is inapplicable here where Serrano does not claim that counsel failed to tell him about the prosecution's plea offer and he actually accepted the offer's terms.

[10] For sake of completeness, although Serrano fails to expressly argue the governmental interference exception, even if his claims of counsel's ineffectiveness were an attempt to do so, he would be due no relief because it is well-settled that the alleged ineffective assistance of counsel cannot serve as the basis for a claim of governmental interference. *Commonwealth v. Pursell*, 749 A.2d 911, 916 (Pa. 2000) (citation omitted); *see* 42 Pa.C.S. § 9545(b)(4).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/27/2020